IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-51,191-03






EX PARTE JOHN MARTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 85422-B IN THE 252ND DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty years' imprisonment. The Ninth Court of Appeals affirmed
his conviction. Martin v. State, No. 09-04-450-CR (Tex. App. - Beaumont, May 16, 2007, pet.
ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to: (1) secure Applicant's presence during jury selection; and (2) timely investigate
and interview a defense witness, Willie Wells. Specifically, Applicant contends that after the jury
panel had been questioned, he and counsel moved to a room outside the courtroom, where he told
counsel that he wanted to strike a potential juror. Applicant did not have time to explain his reasons
for wanting the strike before counsel was called back into court, leaving Applicant outside the
courtroom. Counsel made his strikes without Applicant's knowledge. Applicant contends that he
did not know that counsel would not strike the juror as he had requested and that Applicant's absence
from the proceeding denied him an opportunity to re-urge his request and explain his position. 
Applicant further contends that counsel's failure to secure his presence while making the strikes
resulted in prejudice because during deliberations at the guilt phase this juror held herself out as an
expert and told other jurors that the expert witness's testimony was wrong.

 Applicant contends that Willie Wells would have provided testimony that was favorable to
the defense. In particular, Mr. Wells had information that the victim's mother and aunt had
manipulated the victim into accusing Applicant of sexual assault. Counsel's failure to timely contact
Mr. Wells resulted in the loss of this information because Mr. Wells died before trial, without
counsel having preserved his statement or having discovered other sources of information and
witnesses who might have been known to Mr. Wells.

 Counsel's first affidavit did not address these specific contentions. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court
is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel
with a second opportunity to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish